2010 WL 2901823
Only the Westlaw citation is currently available.
United States District Court, E.D. Tennessee.

Catherine GEBHARDT, Plaintiff,
v.
GMAC MORTGAGE, LLC, and
MGC Mortgage, Inc., Defendants.

No. 3:09–CV–425. | July 21, 2010.

West KeySummary

**1** **Mortgages**



Parties to Mortgage or Their Privies

Mortgagor failed to plead facts sufficient to support her adhesion contract claim against loan servicer under Tennessee law. Mortgagor alleged that she did not understand the terms of her loan agreement, specifically, that it was an interest only loan. Mortgagor failed to allege any exceptional circumstances to explain why she did not understand the loan agreement, nor did she explain the circumstances surrounding the signing of the loan agreement. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

Cases that cite this headnote

**Attorneys and Law Firms**

Andrew E. Farmer, The Law Office of Andrew E. Farmer, Sevierville, TN, for Plaintiff.

Christopher E. Thorsen, Tera T. Hambrick, Bradley Arant Boult Cummings LLP, Nashville, TN, for GMAC Mortgage, LLC.

Frank R. Olson, Laura Ann Grifka, McCurdy & Candler, LLC, Decatur, GA, for MGC Mortgage, Inc.

*MEMORANDUM AND ORDER*

THOMAS W. PHILLIPS, District Judge.

**\*1** This matter is before the Court on the Motions to Dismiss filed by GMAC Mortgage, LLC ("GMAC") [Doc. 3], and MGC Mortgage, Inc. ("MGC") [Doc. 5]. Pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, defendants GMAC and MGC move to dismiss this lawsuit.

The following issues are before the Court. First, has Plaintiff alleged sufficient facts to support her adhesion contract and unconscionability claims? Second, has Plaintiff satisfied Rule 9(b)'s pleading requirement with regard to her deceptive practices claim?

For the following reasons, defendants' Motions to Dismiss [Docs. 3, 5] are **GRANTED,** whereby Plaintiff's complaint is **DISMISSED WITH PREJUDICE.**

**I. BACKGROUND**
As a preliminary matter, the Court recognizes that it has jurisdiction pursuant to 28 U.S.C. § 1332. The following facts are taken mostly from Plaintiff's complaint [Plaintiff's "Amended Verified Petition to Require Respondent to Cure Mortgage Default and Set Aside the Pending Foreclosure," Doc. 1–2 at 24–6].

On or about November 7, 2002, Catherine Gebhardt ("Plaintiff") entered into a loan agreement with Sebring Capital. [*Id.*]. Plaintiff used the loan to purchase real property located at 3753 Thomas Cross Road, Sevierville, Tennessee, 37876. [*Id.*]. After down payment and closing costs, Plaintiff was left with a principle balance of $243,100.00. [*Id.*]. The loan was transferred to GMAC for servicing, and then subsequently transferred to MGC. [*Id.*].

On August 7, 2009, Plaintiff filed a "Verified Petition to Require Respondent to Cure Mortgage Default and Set Aside the Pending Foreclosure" ("Verified Petition") in the Circuit Court for Sevier County, Tennessee. [GMAC's Memorandum in Support of Its Motion to Dismiss, Doc. 4 at 1–2]. On August 26, 2009, Plaintiff filed her "Amended Verified Petition to Require Respondent to Cure Mortgage Default and Set Aside the Pending Foreclosure" ("Amended Verified Petition"). [*Id.* at 2]. On September 25, 2009, this action was removed to federal court. [Doc. 1].

Plaintiff has filed two claims against defendants. First, Plaintiff argues that the loan agreement was an adhesion

WestlawNext © 2014 Thomson Reuters. No claim to original U.S. Government Works. 1

contract. Second, Plaintiff argues that the loan agreement was unconscionable. Plaintiff also requests punitive damages in the amount of $300,000 for deceptive practices. In support, Plaintiff alleges the following:

> Petitioner [Plaintiff] avers that contract to purchase home has proven to be grossly unfair and offensive to the public conscience. Petitioner avers that contract has proven to be one-sided clearly favoring the drafter of the document. Whereas Petitioner wanted to provide a real home for her family, she really did not understand that the contract she entered into was what appears to be an interest only loan in which she has paid an average of 11.23% interest for the existence of this loan.

[Plaintiff's Amended Verified Petition, Doc. 1–2 at 25]. Plaintiff has not provided any additional facts. In particular, Plaintiff has not explained the circumstances surrounding the signing of the loan agreement.

**\*2** On October 2, 2009, defendant GMAC filed a Motion to Dismiss [Doc. 3]. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant GMAC argues that Plaintiff's claims should be dismissed because Plaintiff has not alleged sufficient facts. [GMAC's Memorandum in Support of Its Motion to Dismiss, Doc. 4 at 8–9]. Defendant GMAC also argues that Plaintiff's request for punitive damages should be dismissed because Plaintiff did not plead fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure. [*Id.* at 10–11]. On October 8, 2009, defendant MGC filed a Motion to Dismiss [Doc. 5] in which it adopted defendant GMAC's Motion to Dismiss [Doc. 3]. Thus, the Motions to Dismiss [Docs. 3, 5] are identical in content.

On June 22, 2010, Plaintiff responded to the Motions to Dismiss [Doc. 12]. Plaintiff states that she was previously unaware of the Motions to Dismiss. [*Id.*]. Plaintiff states that she "was never informed that filings would be available only through the Court's electronic filing system." [*Id.* at 1]. In addition, Plaintiff states that she did not receive notices about the electronic filings because she provided an incorrect email address to the Court Clerk. [*Id.*]. In her Response [Doc. 12], Plaintiff does not address the arguments raised in defendants' Motions to Dismiss [Docs. 3, 5]. [*Id.*]. Instead, Plaintiff states

that "dismissing this case would be unjust to the Petitioner as her claim against the Respondent's is still a valid one and dismissing this action would not be in the interest in justice." [*Id.*].

## II. STANDARD OF REVIEW
Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir.2007). To survive a motion to dismiss, the "[f]actual allegations contained in [the] complaint must 'raise a right to relief above the speculative level.' " *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir.2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). This does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly,* 127 S.Ct. at 1974. The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Fritz v. Charter Twp. of Comstock,* 592 F.3d 718, 722 (6th Cir.2010) (quoting *Gregory v. Shelby County,* 220 F.3d 433, 446 (6th Cir.2000)).

## III. ANALYSIS

### A. Plaintiff Has Not Alleged Sufficient Facts to Support Her Adhesion Contract Claim
The Supreme Court of Tennessee has defined an adhesion contract as being "a standardized form offered on what amounts to a 'take it or leave it' basis, without affording the weaker party a realistic opportunity to bargain, and under conditions whereby the weaker party can only obtain the desired product or service by submitting to the form of the contract." *Buraczynski v. Eyring,* 919 S.W.2d 314, 320 (Tenn.1996). Plaintiff argues that the "contract for home was an unconscionable and an adhesive contract which put the Petitioner at a severe disadvantage when seeking and securing financing for her home." [Plaintiff's Amended Verified Petition, Doc. 1–2 at 25–6]. In addition, Plaintiff argues that "GMAC Mortgage Company and MGC Mortgage, have taken full advantage of Petitioner's desire to own a home." [*Id.* at 25].

**\*3** In support of her adhesion contract claim, Plaintiff states that she did not understand the loan agreement. [*See Id.,* stating that Plaintiff "really did not understand that

the contract she entered into was what appears to be an interest only loan."]. However, Tennessee courts recognize that a party is presumed to understand the contents of a contract. *Philpot v. Tennessee Health Mgmt., Inc.,* 279 S.W.3d 573, 579 (Tenn.Ct.App.2007) (citations omitted). "The law imparts on parties to a contract to learn the contents and stipulations of a contract before signing it, and signing it without learning such information is at the party's own peril." *Id.* Plaintiff has not alleged any exceptional circumstances explaining why she did not understand the contract. For example, Plaintiff has not alleged that her "educational background or abilities" prohibited her from understanding the loan agreement. *Id.* Moreover, Plaintiff's claim fails because she did not explain the circumstances surrounding the signing of the loan agreement. For example, Plaintiff does not explain whether she signed the loan agreement on a "take it or leave it" basis.

> party Unconscionability may arise from a lack of meaningful choice on the part of one (procedural unconscionability) or from contract terms that are unreasonably harsh (substantive unconscionability). In Tennessee we have tended to lump the two together and speak of unconscionability resulting when the inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on one hand, and no honest and fair person would accept them on the other.

*Trinity Indus., Inc. v. McKinnon Bridge Co.,* 77 S.W.3d 159, 170–71 (Tenn.Ct.App.2001) (citations omitted). A contract is substantively unconscionable when its terms "are beyond the reasonable expectations of an ordinary person, or oppressive...." *Buraczynski,* 919 S.W.2d at 320. A contract is procedurally unconscionable if there is "some impropriety during the process of forming the contract that deprives a party of a meaningful choice." *Baptist Mem'l Hosp. v. Argo Constr. Corp.,* 308 S.W.3d 337, 346 (Tenn.Ct.App.2009) (citations omitted).

 **\*4** Plaintiff's claim fails because she has not explained why the loan agreement was unconscionable. Plaintiff has not identified what provision was "grossly unfair" or "offensive to the public conscience." In fact, Plaintiff has not identified any of the contract's terms.

In addition, Plaintiff has not alleged that the loan agreement was unclear, or that the "grossly unfair" provisions (which again, Plaintiff has failed to identify) were hidden in the document. Because Plaintiff has not identified any of the contract's terms, her "substantive unconscionability" claim must fail.

In sum, the Court finds that Plaintiff has not alleged sufficient facts to support her adhesion contract claim. Accordingly, defendants' Motions to Dismiss [Docs. 3, 5] are **GRANTED,** whereby Plaintiff's adhesion contract claim is **DISMISSED WITH PREJUDICE.**

### B. Plaintiff Has Not Alleged Sufficient Facts to Support Her Unconscionability Claims

Even if the Court had found that the loan agreement was an adhesive contract, Plaintiff would still have to show that the terms of the contract were unreasonablethat is, unconscionable. *See Buraczynski,* 919 S.W.2d at 320 (holding that adhesion contracts are unenforceable only when the terms are "beyond the reasonable expectations of an ordinary person, or oppressive or *unconscionable."* ) (emphasis added). Tennessee recognizes two types of unconscionability:

Finally, Plaintiff has failed to explain the circumstances surrounding the signing of the loan agreement. As Tennessee courts have recognized, "[w]hether a contract is [procedurally] unconscionable is determined based on the circumstances as they existed at the time the parties executed the contract." *Vintage Health Res., Inc. v. Guiangan,* 309 S.W.3d 448, 461 (Tenn.Ct.App.2009) (citations omitted). Because Plaintiff has not alleged any facts surrounding the signing of the loan agreement, her "procedural unconscionability" claim must fail.

Accordingly, defendants' Motions to Dismiss [Docs. 3, 5] are **GRANTED,** whereby Plaintiff's unconscionability claims are **DISMISSED WITH PREJUDICE.**

### C. Punitive Damages Will Not Be Awarded For Deceptive Practices

Plaintiff requests punitive damages in the amount of $300,000 for deceptive practices. As courts within the Sixth Circuit have recognized, these claims are subject to Rule 9(b) of the Federal Rules of Civil Procedure. *See McKee Foods*

Case 3:14-cv-02022 Document 29-8 Filed 12/23/14 Page 3 of 4 PageID #: 209

*Corp. v. Pitney Bowes, Inc.,* No. 1:06–CV–80, 2007 WL 896153, at *5–6 (E.D.Tenn. Mar.22, 2007); *Scraggs v. La Petite Academy, Inc.,* No. 3:05–CV539, 2006 WL 2711689, at *4 (E.D.Tenn. Sept.21, 2006) (dismissing claim because the plaintiff failed to allege how the defendant's alleged misrepresentation was deceptive). Thus, the Court must determine whether Plaintiff's deceptive practices claim satisfies Rule 9(b)'s pleading requirement.

Rule 9(b) states that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). To satisfy this requirement, "a plaintiff must, at a minimum, allege the time, place and content of the alleged misrepresentation upon which he or she relied; the fraudulent intent of the defendants and the injury resulting from the fraud." *Calipari v. Powertel,* 231 F.Supp.2d 734, 735–36 (W.D.Tenn.2002) (citations omitted).

In this case, Plaintiff has not identified the content of the deceptive practice, when the practice occurred, where it occurred, or who committed it. In short, Plaintiff has failed to identify the deceptive practice with the particularity required under Rule 9(b). Accordingly, defendants' Motions to Dismiss [Docs. 3, 5] are **GRANTED,** whereby Plaintiff's request for relief based upon deceptive practices is **DISMISSED WITH PREJUDICE.**

## IV. CONCLUSION

**\*5** In sum, the Court finds that Plaintiff has not alleged sufficient facts to support her claims. In particular, Plaintiff did not explain the circumstances surrounding the signing of the loan agreement, or the content of that agreement.

In addition, Plaintiff has not responded to the arguments raised in defendants' Motions to Dismiss [Docs. 3, 5]. Accordingly, defendants' Motions to Dismiss [Docs. 3, 5] are **GRANTED,** whereby Plaintiff's complaint is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

---

**End of Document**

© 2014 Thomson Reuters. No claim to original U.S. Government Works.